Law Office of Courtney K. Davy

305 Broadway, 14th Floor
New York, NY 10007
Phone: 516-850-1800
courtneydavy.esq@gmail.com

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
**In re:**                                                    **:**

                                 **:**            **Chapter 11**

   **Armstead Risk Management, Inc.:**

                                 **:**           **Case No. 19-41489**

                  **Debtor.**      **:**
----------------------------------------------------------x

**APPLICATION FOR ORDER (1) APPROVING EMPLOYMENT OF THE LAW**
**OFFICE OF COURTNEY DAVY AS ATTORNEY FOR THE DEBTOR, *NUNC PRO***
***TUNC* AS OF March 28, 2019, (2) AUTHORIZING PAYMENT OF COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES TO COUNSEL AND (3) GRANTING**
**RELATED RELIEF**

**TO THE HONORABLE ELIZABETH S.**
**STONG, UNITED STATES BANKRUPTCY**
**JUDGE:**

      Armstead Risk Management, Inc**.**, the debtor and debtor-in-possession herein (the

"Debtor"), respectfully represents:

<u>**SUMMARY OF REQUESTED RELIEF**</u>

    1.      By this application (the "Application"), the Debtor seeks entry of an order,

substantially in the form accompanying this Application (the "Proposed Order"), pursuant to Section

327(a) of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule

2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the

employment of the Law Office of Courtney Davy (the "Firm") under a general retainer, as

bankruptcy and reorganization counsel to the Debtor, to render necessary services in connection with

this Chapter 11 case upon the terms and conditions set forth herein. The Debtor also wishes to arrange for

monthly compensation and reimbursement of expenses to the Firm in accordance with the Local Rules and Administrative Orders of this Court. Compensation and reimbursement of expenses will be paid either by the Debtor, by a related company or by an affiliate.

## JURISDICTION AND STATUTORY BASES FOR REQUESTED RELIEF

2.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.

3.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      This matter is a core proceeding pursuant to 28 U.S.C. § 157.

5.      The statutory bases for this Application are Sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rule 2014, Local Bankruptcy Rule 2014-1 and Administrative Order 538.

## GENERAL BACKGROUND

6.      On March 14, 2019 (the "Petition Date"), the Debtor filed a petition for reorganization under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of New York (the "Court"). The Debtor commenced its case in order to stay an imminent foreclosure sale and to restructure the debt on the Property (defined below).

7.      The Debtor is authorized to remain in possession of its property and to continue in the operation and management of its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

1.      The Debtor owns real property located at 459 Myrtle Avenue, Brooklyn, NY 11205 (Block 01889, Lot 0090, "Property # 1") and 461 Myrtle Avenue, Brooklyn, NY 11205 (Block 01889, Lot 0099, "Property # 2"). As set forth on an ACRIS listing, the Properties occupies the entirety of the respective lots listed above and both properties are improved with a mix use property

consisting of a commercial space on the ground floor and two (2) residential units.

2.      No official committee of unsecured creditors has yet been appointed by the Office

of the United States Trustee for the Eastern District of New York (the "U.S. Trustee").

### RELIEF REQUESTED

3.      The Debtor seeks to employ the Firm, as its counsel, *nunc pro tunc*, effective as of

March 28, 2019. The Firm maintains an office for the practice of law at 305 Broadway, 14th Floor,

New York, New York 10007.

4.      During the pendency of this Chapter 11 case, the Debtor will require legal counsel

to render services relating to the administration of its estate and the issues that may arise in

connection with its continued operation as a debtor-in-possession including, but not limited to,

the following:

a.  advising the Debtor with respect to its powers and duties as a debtor-in-

possession;

b.  assisting the Debtor in the preparation of its schedules of assets and

liabilities, statements of financial affairs and other reports  and documentation
required pursuant to the Bankruptcy Code and the Bankruptcy Rules;

c.  representing the Debtor at all hearings on matters pertaining to its affairs as a

debtor-in-possession;

d.  prosecuting and defending litigated matters that may arise during this Chapter 11

case;

e.  counseling and representing the Debtor in connection with the assumption or

rejection of executory contracts and leases, administration of claims and numerous other

bankruptcy-related matters arising from this Chapter 11 case;

f.    counseling the Debtor with respect to various general and litigation matters

relating to this Chapter 11 case;

g.    assisting the Debtor in obtaining approval of a disclosure statement, confirmation

of a plan of reorganization, and all other matters related thereto;  and

h.    performing all other legal services that are necessary and desirable for the

efficient and economical administration of the Debtor's Chapter 11 case.

5.    Although at this juncture it is impossible to set forth with precision all of the areas

in which counsel will be required to render legal services, it is apparent that the Debtor requires

the services of a law firm to assist in the handling of the herein bankruptcy matter, debt

reorganization problems and procedures, and the numerous other matters which typically arise in

a Chapter 11 context.

6.    After consideration and deliberation, the Debtor has concluded that its

interests, and the interests of its creditors and estate, will be best served by the retention  of  the

Firm as  its  counsel  to  render  legal  services  as  are  necessary  and
appropriate  in connection  with  the  matters  set  forth  herein,  and  to  render  such  additional  legal

services as may be required from time-to-time during the pendency of this Chapter 11 case.

7.    The Firm has indicated its willingness to be retained under a general retainer to

render legal services with respect to the Debtor's Chapter 11 case and to be compensated

therefore in accordance with its normal hourly rates upon procedures approved by and

applications submitted to this Court in accordance with the Bankruptcy Code, Bankruptcy Rules

and the Local Bankruptcy Rules of this Court.

8.    The Debtor's employment of the Firm under a general retainer is necessary and

appropriate due to the extensive and diverse legal services that are likely to be required from the

Firm during the entirety of this case. The Debtor has been advised of the Firm's rates for services rendered in this case. Currently, subject to periodic revisions in accordance with the Firm's overall billing policies and procedures, services will be provided at rates of $300 per hour.

9.    The Firm will also seek reimbursement of all out-of-pocket disbursements necessarily incurred (including, but not limited to, charges for transportation, lodging, food, telephone, copying, messenger service, etc.), in accordance with all relevant rules and guidelines.

10.    After consideration and deliberation, the Debtor has concluded that its interests, and the interests of its creditors and estate, will be best served by the retention of the Firm as its counsel to render legal services as are necessary and appropriate in connection with the matters set forth herein, and to render such additional legal services as may be required from time-to-time during the pendency of this Chapter 11 case.

11.    To the best of the Debtor's knowledge, the Firm has no connection with, and no interests adverse to, the Debtor, its creditors, other parties in interest, or their respective attorneys or accountants, except,  as may be otherwise set forth herein or in the accompanying declaration of Courtney Davy.

12.    The Debtor believes that the retention of the Firm is in the best interest of the Debtor and its creditors.

### **REQUEST FOR *NUNC PRO TUNC* RETENTION**

13.    The Debtor believes that the *nunc pro tunc* retention of the Firm is  appropriate and essential inasmuch as the Firm has acted as the Debtor's counsel since March 28, 2019, without the benefit of an order authorizing its employment but with the full consent and knowledge of the Debtor. Despite the lack of an order of employment, the Firm continued to render services to the Debtor in connection with all matters that arose on and after March 28, 2019.

1.      The Debtor requested that the Firm render such services based upon its relationship with the Firm, and advised the Firm that it would promptly move to secure its retention in the bankruptcy court. The Debtor asserts that the Firm's retention should be  made effective as of March 28, 2019, because of the Firm's good faith in its continued  rendering of its services to the Debtor.

2.      A proposed order authorizing the employment of the Firm is annexed hereto as Exhibit 1.

### REQUEST FOR AUTHORIZATION FOR PAYMENT OF MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES

1.      The Debtor believes that establishing orderly procedures for payment of the  Firm will streamline the administration of this chapter 11 case and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties in interest.

2.      Factors to consider in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors."

3.      The Debtor has minimal income or revenues. All administrative expenses are expected to be paid either by the Debtor by a related company or by an affiliate.  Debtor's property is significantly encumbered. There is no substantial source of payments by which the Debtor can compensate the Firm and provide reimbursement of its expenses.

4.      Pursuant to section 331 of the Bankruptcy Code, professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "necessary or appropriate to carry out the provisions of

[the Bankruptcy Code]," thereby codifying the Court's inherent equitable powers.

5.    The Debtor proposes that the monthly payment of compensation and reimbursement of expenses of the Firm (the "Compensation Procedures") be structured as follows, which is in substantial conformity with this Court's Administrative Order No. 538:

a.    On or before the twentieth (20th) day of each month following the month for which compensation is sought, each professional seeking compensation under this Order will serve a monthly statement, by electronic mail and first class mail on (i) Leo (Ilevu) Yakubov, Esq., the officer designated by the Debtor to be responsible for such matters; (ii) counsel for the Office of the United States Trustee, 271 Cadman Plaza East, Suite 4529, Brooklyn, New York 11201 or 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Rachel Weinberger, Esq.) as appropriate; (iii) counsel to all secured creditors, by their counsel lenders or their agent(s), if known; and (iv) any other entity designated by the Court;

b.    The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers, because this Order is not intended to alter the fee application requirements outlined in §§ 330 and 331 of the Code and because professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court, Eastern District of New York;

Each monthly fee statement must contain a list of the individuals and their respective titles (e.g. attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 issued May 17, 1996, as amended from time to time), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

c.    Each person receiving a statement will have at least fifteen (15) days after its receipt to review it and, in the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she shall, by no later than the thirty-fifth (35th) day following the month for which compensation is sought, serve upon the professional whose statement is objected to, and the other persons designated to receive statements in paragraph (a), a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

d.    At the expiration of the thirty-five (35) day period, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses

identified in each monthly statement to which no objection has been served in accordance with paragraph (d);

e.  If the Debtor receives an objection to a particular fee statement, it shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e);

f.  If the parties to an objection are able to resolve their dispute following the service of a Notice Of Objection To Fee Statement and if the party whose statement was objected to serves on all of the parties listed in paragraph
(a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection;

g.  All objections that are not resolved by the parties, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court. *See* paragraph (j), below;

h.  The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Code;

i.  Approximately every 120 days, but no less frequently than every 150 days, each of the professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses previously paid;

j.  Any professional who fails to file an application seeking approval of

compensation and expenses previously paid under this Order within the time frame set forth in subparagraph (j) above shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (2) may be required to disgorge any fees paid since the last fee application (or, if no fee application has been filed by such professional, since retention);

k.  The pendency of an objection or the entry of a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above unless otherwise ordered by the Court;

l.  Neither the payment of nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals;

m.  Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect

and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents.

## **NOTICE**

1.    Pursuant to Rule 2014-1 of the Local Bankruptcy Rules of this Court, notice of this Application is being given electronically to the U.S. Trustee and has been filed on the docket of the Debtor's case. In light of the nature of the relief requested and it appearing that the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court do not require further notice of an order authorizing a debtor to retain counsel at the inception of a bankruptcy case, the Debtor respectfully submits that no further notice need be given.

## **NO PRIOR REQUEST**

2.    No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE, the** Debtor respectfully requests that this Court enter the accompanying Proposed Order and grant such other and further relief as it deems just and proper, for all of which on other application has been made to this or any other Court.


Dated: New York, New York
      May 10th, 2019

                                     Armstead Risk Management, Inc.
                                     Debtor and Debtor-in-Possession

Law Office of Courtney Davy

305 Broadway, 14th Floor
New York, NY 10007
Phone: (516) 850-1800
courtneydavy.esq@gmail.com
Courtney Davy, Esq.

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | |
| | : | **Chapter 11** |
| **Armstead Risk Management, Inc.** | : | |
| | : | **Case No. 19-41489-ess** |
| **Debtor.** | : | |

--------------------------------------------------------x

**DECLARATION OF COURTNEY DAVY (A) IN SUPPORT OF APPLICATION
PURSUANT TO 11 U.S.C. § 327 AND FEDERAL RULE OF BANKRUPTCY
PROCEDURE 2014 (A) FOR AN ORDER AUTHORIZING THE DEBTOR TO RETAIN
AND EMPLOY THE LAW OFFICE OF COURTNEY DAVY AS COUNSEL, *NUNC PRO
TUNC*, EFFECTIVE March 28, 2019, (B) DISCLOSURE OF COMPENSATION
PURSUANT TO 11 U.S.C. § 329 AND FEDERAL RULE OF BANKRUPTCY
PROCEDURE 2016, (C) REQUEST FOR PAYMENT OF POST-PETITION
COMPENSATION AND REIMBURSEMENT OF <u>EXPENSES AND (D) DISCLOSURE OF
COMPENSATION FOR ATTORNEY</u>**

Courtney Davy declares under penalty of perjury that the following is true and correct:

1.    I am an attorney admitted to practice before the Courts of the State of New York and

the United States District Courts for the Southern and Eastern Districts of New York. I am the sole

member of the Law Office of Courtney Davy (the "Firm"), which maintains offices for the practice

of law at 305 Broadway, 14th Floor, New York, New York 10007. I am duly authorized to make this

declaration (the "Declaration") on behalf of the Firm.

2.    I submit this Declaration in support of the accompanying application (the

"Application") of the above-captioned debtor and debtor-in-possession (the "Debtor") to retain the

Firm as its counsel in its chapter 11 case (the "Case"), *nunc pro tunc,* effective

1

March 28, 2019, as is more fully set forth in the Application. Except as otherwise indicated, the facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

1.    The Firm does not currently, and has not in the past, represented the Debtor in any matters.

2.    The Firm does not currently, and has not in the past, represented any of the Debtor's creditors.

3.    Based upon my review of the case docket and all relevant papers and pleadings in the Debtor's case, neither I nor the Firm, as far as I have been able to ascertain, represents or holds any interests adverse to the Debtor, its estate, or its creditors in matters upon which the Firm is to be employed.

4.    It is possible that other direct or indirect relationships or connections may exist or arise among the Firm, the Debtor, its creditors or other interested parties without my knowledge. The Firm will therefore periodically review its files during the pendency of this Case, and, in the event material connections are found to exist that would require disclosure under any applicable statute or rules, the Firm reserves the right to and will promptly supplement this Declaration.

5.    The Firm has been requested to act as the Debtor's counsel and agrees to undertake such representation. In connection with such representation, it is anticipated that the Firm will provide legal advice and related services to the Debtor with respect to the matters set forth in the Application at the hourly rates set forth therein.

6.    The Firm has requested, and the Debtor has agreed to arrange for payment of post-petition compensation and reimbursement of expenses, in the form required by Administrative Order 538. In that regard, I respectfully submit that:

a.    The Firm is a solo practice, and therefore the financial strains, burdens, costs, and inconvenience of providing legal services without assurance of some payment are particularly acute.

2

b.  The economic impact of the proposed payment on the Debtor's business operations and its effect upon the Debtor's ability to reorganize is slight.

c.  The Debtor requires counsel to represent it in the case.

7.      The Firm will seek compensation for its services at the Firm's then-current ordinary and standard hourly rates for such services in non-bankruptcy matters. The Firm will charge for its legal services on an hourly basis in accordance with its usual and customary rates in effect on the date the services are rendered, subject to periodic adjustment.

8.      The Firm regularly charges its clients for expenses incurred in connection with the representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express or overnight mail, messenger service, photocopying costs, document processing, overtime meals, Lexis, Westlaw and other computer research-related expenses, court fees, transcript costs and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. The Firm will abide by the Local Bankruptcy Rules and Administrative Orders relating to such matters, which have been adopted by this Court and by the United States Trustee for the Eastern District of New York.

9.      Other than as may otherwise be set forth herein or in the Debtor's application accompanying this Declaration, I believe the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

10.      The Firm's proposed employment is not prohibited by or improper under Rule 5002 of the Bankruptcy Rules. I am not related to the United States Trustee, the Assistant United States Trustee or the United States Bankruptcy Judge assigned to the Case.

a.  For legal services, I was paid a retainer in the amount of (1) $2,500 on May 7th, 2019.

b.  There is a balance due of $2,500.

c.  The source of compensation was the principal of the Debtor, Malik Armstead.

11.      No promises have been made to, or received by the Firm as to compensation in

3

connection with the Case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement regarding the sharing of compensation with any person or entity except as may be otherwise set forth herein. The Firm has no agreement with any other entity to share any compensation received in connection with this Case, nor will any be made, except as permitted under 11 U.S.C. § 504.

Dated: New York, New York
      May 9, 2019

                               /s/
                           Courtney Davy

9.    Payment of the Retainer to Counsel (1) was made with the full knowledge and consent of the Debtor; (2) the Debtor expressly consented to the arrangement; (3) [Name  of company  that paid  the retainer  and filing  fee] ...................................................................... has been advised and understands that the Firm's duty of undivided loyalty is owed exclusively to the Debtor; (4) the factual and legal relationship with the Debtor is as set forth above; (5) in light of the above circumstances and since [Name of company that paid the retainer and filing fee] ........................................ will waive any claim for the fees advanced and will, thus, not be a creditor to the estate, the Debtor believes that there exists no actual or potential conflict of interest as a result of . [Name of company that paid the retainer and filing fee]........................................s payment of the retainer and filing fee.

_____ /s/ _____

Law Office of Courtney Davy  305
Broadway, 14th Floor
New York, NY 10007
Phone: (516) 850-1800
courtneydavy.esq@gmail.com
Courtney Davy, Esq.

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**In re:**                                          :
                                                    :          **Chapter 11**
  **Armstead Rsik Management, Inc.**                :
                                                    :          **Case No. 19-41489-ess**
                              **Debtor.**           :
-------------------------------------------------------x

**ORDER (1) APPROVING EMPLOYMENT OF THE LAW OFFICE OF COURTNEY**
**DAVY AS ATTORNEY FOR THE DEBTOR, *NUNC PRO TUNC* AS OF March 28, 2019,**
**(2) AUTHORIZING PAYMENT OF COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES TO COUNSEL AND (3) GRANTING RELATED RELIEF**

Upon the application of Armstead Risk Management, Inc., the debtor and debtor-in-possession herein (the "Debtor"), requesting authorization to retain the Law Office of Courtney Davy (the "Firm"), *nunc pro tunc,* effective March 28, 2019, to represent the Debtor herein; and upon the Declaration of Courtney Davy, Esq. (the "Declaration"); and upon the affirmation of Malik Armstead, dated May 10, 2019; and it appearing that the Firm represents no interest adverse to the Debtor or the estate herein and that the Firm's employment is necessary and in the best interests of the estate; and it appearing that procedures for the payment of monthly compensation and reimbursement of expenses are appropriate in this case; and after due deliberation and sufficient cause appearing, therefore, it is

**ORDERED**, that pursuant to 11 U.S.C. § 327(a) and Bankruptcy Rule 2014, the  Debtor is authorized to employ the Firm as its counsel, *nunc pro tunc,* effective March 28, 2019

1

, under a general retainer in this Chapter 11 case on the terms and conditions set forth in the Application and in the Declaration; and it is further

**ORDERED**, that the Firm shall seek compensation for legal services upon the application to the Court and upon notice and a hearing pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2014, E.D.N.Y.L.B.R. 2014-1 and the Guidelines of the Office of the United States Trustee; and it is further

**ORDERED**, that prior to any increases in the Firm's rates, the Firm shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtor, any official committee and the United States Trustee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase; and it is further

**ORDERED**, that the United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

**ORDERED**, that except as may otherwise be provided in Court orders authorizing the retention of counsel, counsel may seek monthly compensation in accordance with the following procedure:

a. On or before the twentieth (20th) day of each month following the month for which compensation is sought, each professional seeking compensation under this Order will serve a monthly statement, by electronic mail and first class mail on (i) Malik Armstead at 2 Hassake Avenue, Old Greenwich, CT 06870; (ii) counsel for the Office of the United States Trustee, 271 Cadman Plaza East, Suite 4529, Brooklyn, New York 11201 or 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Rachel Wolf, Esq.) as appropriate; (iii) counsel to all secured creditors, by their counsel lenders or their agent(s), if known; and (iv) any other entity designated by the

Court;

b. The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers, because this Order is not intended to alter the fee application requirements outlined in §§ 330 and 331 of the Code and because professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court, Eastern District of New York;

c. Each monthly fee statement must contain a list of the individuals and their respective titles (e.g. attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 issued May 17, 1996, as amended from time to time), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

d. Each person receiving a statement will have at least fifteen (15) days after its receipt to review it and, in the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she shall, by no later than the thirty-fifth (35th) day following the month for which compensation is sought, serve upon the professional whose statement is objected to, and the other persons designated to receive statements in paragraph (a), a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

e. At the expiration of the thirty-five (35) day period, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each monthly statement to which no objection has been served in accordance with paragraph (d);

f. If the Debtor receives an objection to a particular fee statement, it shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e);

g. If the parties to an objection are able to resolve their dispute following the service of a Notice Of Objection To Fee Statement and if the party whose statement was objected to serves on all of the parties listed in paragraph (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection;

h. All objections that are not resolved by the parties, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court. *See* paragraph (j), below;

i. The service of an objection in accordance with paragraph (d) shall not

prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Code;

j.  Approximately every 120 days, but no less frequently than every 150 days, each of the professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses previously paid;

k.  Any professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order within the time frame set forth in subparagraph (j) above shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (2) may be required to disgorge any fees paid since the last fee application (or, if no fee application has been filed by such professional, since retention);

l.  The pendency of an objection or the entry of a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above unless otherwise ordered by the Court;

m.  Neither the payment of nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals;

n.  Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents; and it is further

**ORDERED**, that counsel may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses incurred during the period beginning on the date of the professional's retention and ending on_____ 2019; and it is further

**ORDERED**, that the amount of fees and disbursements sought be set out in U.S. dollars; and it is further

**ORDERED**, that the Debtor shall include all payments to professionals on their monthly operating reports, detailed so as to state the amount paid to each of the professionals; and it is further

**ORDERED**, that any party in interest may file a motion seeking modification or suspension of monthly payments to professionals pursuant to this order on any applicable grounds, including that the Debtor has not timely filed monthly operating reports, or remained current with their administrative expenses and 28 U.S.C. § 1930 fees, and in such event no further payments shall be made pursuant to this order until such motion is resolved; and it is further

**ORDERED**, that monthly payments to professionals pursuant to this Order may be suspended by the Court *sua sponte*; and it is further

**ORDERED**, that all time periods set forth in this Order shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006(a); and it is further

**ORDERED**, that the Debtor shall serve a copy of this Order on all entities specified in paragraph (a) hereof.

**NO OBJECTION:**
WILLIAM K. HARRINGTON
OFFICE OF THE UNITED STATES TRUSTEE, Region 2

By: _____
                                , Esq.
Trial Attorney