Re: ECF No. 29

**RAVERT PLLC**
Gary O. Ravert
116 West 23rd Street, Fifth Floor
New York, New York 10011
Tel: (646) 966-4770
Fax: (917) 677-5419

*Attorneys for 461 Myrtle Avenue Funding LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> ARMSTEAD RISK MANAGEMENT, INC., <br><br> *Debtors*. | Chapter 11 <br><br> Case No. 19-41489 (ESS) |

**461 MYRTLE AVENUE FUNDING LLC LLC'S RESPONSE TO**
**THE DEBTOR'S MOTION TO ESTABLISH B AR DATE [Docket No. 29]**

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

461 Myrtle Avenue Funding LLC ("Myrtle Funding"), by and through its counsel, hereby submits this brief response to the application of the above-captioned debtor (the "Debtor") to establish a bar date in this case [Docket No. 29]. In support of this response, Myrtle Funding represents as follows:

**RESPONSE**

1.     The Debtor moved in June for a bar date in this case and has requested September 26, 2019 for general creditors and December 30, 2019 for governmental creditors. Myrtle Funding has no objection per se to the Application except to say that the bar date for governmental claims need not be the proposed December 30, 2019. It can be and should be

September 26, 2019.  The petition date, i.e., the date of the order for relief, was March 24, 2019.  September 26, 2019 is 196 days after the petition date.  Accordingly, more than 180 days will have passed after the March 24th petition date by the time the proposed general creditor bar date passes on September 26th.  September 26th is still more than two months from today.  Pursuant to section 502(b)(9) of the Bankruptcy Code, governmental entities are entitled to at least 180 days after the order for relief.  September 26, 2019 is 196 days after the order for relief and more than 60 days from now, which should be more than sufficient time to send notice for governmental entities to file claims.

2.      More importantly perhaps is that, so long as section 502(b)(9) is satisfied, there is no justification for any further delay in moving this case forward by unnecessarily extending the bar date for governmental entities.  As noted on the record at the initial case conference in this case, Myrtle Funding's claim has an unpaid principal balance of more than $2.7 million and accrues interest at the rate of close $1,000 per day so avoiding unnecessary delay should be a paramount concern for the Debtor.  The December 30th bar date could cost the Debtor more than $90,000 in additional interest.  Moreover, at least two governmental entities, the Internal Revenue Service and the NYC Water Board have already filed claims in the case.

## CONCLUSION

3.      There is nothing in the Application to suggest that there is any cause for having an unusually long period for the governmental bar date and Myrtle Funding submits that it is in the best interest of all parties, especially the Debtor, to set the governmental bar date along with the

general bar date in this case; and grant such other and further relief as the Court deems just and proper.

Dated: July 22, 2019  
       New York, New York

RAVERT PLLC

By: /s/ Gary O. Ravert  
    Gary O. Ravert  
116 West 23rd Street, Fifth Floor  
New York, New York 10011  
Tel: (646) 966-4770  
Fax: (917) 677-5419

*Attorneys for 461 Myrtle Avenue Funding LLC*