Law Office of Courtney Davy
305 Broadway, 14th Floor
New York, NY 10007
Phone: (516) 850-1800
courtneydavy.esq@gmail.com
Courtney Davy, Esq.

*Proposed Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------x
**In re:**                 :
                     :            **Chapter 11**
**Armstead Risk Management, Inc.**   :
                     :            **Case No. 19-41489-ess**
             **Debtor.**    :
------------------------------------------------------x

— *Amended* **DECLARATION OF COURTNEY DAVY (A) IN SUPPORT OF APPLICATION PURSUANT TO 11 U.S.C. § 327 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 (A) FOR AN ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY THE LAW OFFICE OF COURTNEY DAVY AS COUNSEL,** *NUNC PRO TUNC,* **EFFECTIVE March 28, 2019, (B) DISCLOSURE OF COMPENSATION PURSUANT TO 11 U.S.C. § 329 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016, (C) REQUEST FOR PAYMENT OF POST-PETITION COMPENSATION AND REIMBURSEMENT OF <u>EXPENSES AND (D) DISCLOSURE OF COMPENSATION FOR ATTORNEY</u>**

Courtney Davy declares under penalty of perjury that the following is true and correct:

       1.      I am an attorney admitted to practice before the Courts of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York. I am the sole member of the Law Office of Courtney Davy (the "Firm"), which maintains offices for the practice of law at 305 Broadway, 14th Floor, New York, New York 10007. I am duly authorized to make this declaration (the "Declaration") on behalf of the Firm.

       2.      I submit this Declaration in support of the accompanying application (the "Application") of the above-captioned debtor and debtor-in-possession (the "Debtor") to retain the Firm as its counsel in its chapter 11 case (the "Case"), *nunc pro tunc,* effective

1

March 28, 2019, as is more fully set forth in the Application. Except as otherwise indicated, the facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

1.      The Firm does not currently, and has not in the past, represented the Debtor in any matters.

2.      The Firm does not currently, and has not in the past, represented any of the Debtor's creditors.

3.      Based upon my review of the case docket and all relevant papers and pleadings in the Debtor's case, neither I nor the Firm, as far as I have been able to ascertain, represents or holds any interests adverse to the Debtor, its estate, or its creditors in matters upon which the Firm is to be employed.

4.      It is possible that other direct or indirect relationships or connections may exist or arise among the Firm, the Debtor, its creditors or other interested parties without my knowledge. The Firm will therefore periodically review its files during the pendency of this Case, and, in the event material connections are found to exist that would require disclosure under any applicable statute or rules, the Firm reserves the right to and will promptly supplement this Declaration.

5.      The Firm has been requested to act as the Debtor's counsel and agrees to  undertake such representation. In connection with such representation, it is anticipated that the Firm will provide legal advice and related services to the Debtor with respect to the matters set forth in the Application at the hourly rates set forth therein.

6.      The Firm has requested, and the Debtor has agreed to arrange for payment of post-petition compensation and reimbursement of expenses, in the form required by Administrative Order 538. In that regard, I respectfully submit that:

    a.  The Firm is a solo practice, and therefore the financial strains, burdens, costs, and inconvenience of providing legal services without assurance of some payment are particularly acute.

    b.   The economic impact of the proposed payment on the Debtor's business operations and its effect upon the Debtor's ability to reorganize is slight.

    c.   The Debtor requires counsel to represent it in the case.

7.    The Firm will seek compensation for its services at the Firm's then-current ordinary and standard hourly rates for such services in non-bankruptcy matters. The Firm will charge for its legal services on an hourly basis in accordance with its usual and customary rates in effect on the date the services are rendered, subject to periodic adjustment.

8.    The Firm regularly charges its clients for expenses incurred in connection with the representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express or overnight mail, messenger service, photocopying costs, document processing, overtime meals, Lexis, Westlaw and other computer research-related expenses, court fees, transcript costs and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. The Firm will abide by the Local Bankruptcy Rules and Administrative Orders relating to such matters, which have been adopted by this Court and by the United States Trustee for the Eastern District of New York.

9.    Other than as may otherwise be set forth herein or in the Debtor's application accompanying this Declaration, I believe the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

10.    The Firm's proposed employment is not prohibited by or improper under Rule 5002 of the Bankruptcy Rules. I am not related to the United States Trustee, the Assistant United States Trustee or the United States Bankruptcy Judge assigned to the Case.

    a.   For legal services, I was paid a retainer in the amount of (1) $2,500 on May 7th, 2019.

    b.   There is a balance due of $2,500.

    c.   The source of compensation was the principal of the Debtor, Malik Armstead.

11.    No promises have been made to, or received by the Firm as to compensation in

3

connection with the Case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement regarding the sharing of compensation with any person or entity except as may be otherwise set forth herein. The Firm has no agreement with any other entity to share any compensation received in connection with this Case, nor will any be made, except as permitted under 11 U.S.C. § 504.

Dated: New York, New York
      May 9, 2019

                                      /s/
                                Courtney Davy

9.    Payment of the Retainer to Counsel (1) was made with the full knowledge and consent of the Debtor; (2) the Debtor expressly consented to the arrangement; (3) [Name   of company that paid the retainer and filing fee] ....................................................................... has been advised and understands that the Firm's duty of undivided loyalty is owed exclusively to the Debtor; (4) the factual and legal relationship with the Debtor is as set forth above; (5) in light of the above circumstances and since [Name of company that paid the retainer and filing fee] ........................................ will waive any claim for the fees advanced and will, thus, not be a creditor to the estate, the Debtor believes that there exists no actual or potential conflict of interest as a result of . [Name of company that paid the retainer and filing fee]........................................s payment of the retainer and filing fee.

_____ /s/ _____

5