UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                              Chapter 11

      ARMSTEAD RISK MANAGEMENT INC.,                  Case No.: 1-19-41489-ess

                              Debtor.
-----------------------------------------------------------------x

**ORDER ESTABLISHING BAR DATE
FOR THE FILING OF PROOFS OF CLAIM AGAINST DEBTOR, ARMSTEAD RISK
MANAGEMENT INC., PURSUANT TO BANKR. RULE 3003(C)(3)**

Upon the Motion of Debtor, Armstead Risk Management Inc., in this Chapter 11 case, pursuant to Fed. R. Bankr. P. 3003(c)(3), the fixing of a deadline and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interest of Debtor, the estate, and creditors, and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby:

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a claim, as defined in section 101(5) of 11 U. S. C. §§ 101 et seq. (the "Bankruptcy Code"), against the Debtor which arose prior to the filing of the Chapter 11 petition on March 14, 2019, shall file a proof of such claim in writing so that it is received on or before **September 26, 2019**, (hereinafter, the "General Bar Date"); and it is further

**ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before **September 26, 2019** (the date that is 180 days after the date of the order for relief); and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a) Proofs of claim shall conform substantially to Official Bankruptcy Form No. 410;

(b) Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) shall file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts to the CM/ECF system shall file their proofs of claim by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, New York, 11201-1880;

(c) Proofs of claim shall be deemed timely filed only when received by the Clerk of the Court on or before the Bar Date;

(d) Proofs of claim shall (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary); (iii) be in the English language; and (iv) be denominated in United States currency; and it is further

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

a) Any person or entity that has already filed a proof of claim against the Debtor in this case with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

b) Any person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtor (collectively, the "Schedules"), if (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules;

c) Any holder of a claim that has already been allowed in this case by order of the Court;

    d) Any holder of a claim for which a different deadline for filing a proof of claim in this case has already been fixed by this Court; or

    e) Any holder of claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate; and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the later of the Bar Date or the date that is 30 days after the date of the order authorizing such rejection, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that if Debtor amends or supplements the Schedules after the date of this Order, Debtor shall give notice of any amendment or supplement to the holders of claims amended thereby, and holders of such claims shall have 30 days from the date of service of the notice to file proofs of claim and shall be given notice of that deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of Debtor or any other party in interest to dispute or assert offsets or defenses to any claim listed in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), a holder of a claim that fails to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to that claim for purposes of voting and distribution; and it is further

**ORDERED**, that notice of the Bar Date substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail, at least 35 days prior to the Bar Date, by **August 22, 2019**, on: (a) The United States Trustee; (b) Counsel to each official committee; (c) all persons or entities that have requested notice of the proceedings in this case; (d) all persons or entities that have filed claims in this case; (e) all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims; (f) all parties to executory contracts and unexpired leases of the Debtor; (g) all parties to litigation with Debtor; (h) the Internal Revenue Service for the district in which the case is pending and, if required by the Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and it is further

**ORDERED**, that Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.



**Dated: Brooklyn, New York**
**August 7, 2019**

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

        ARMSTEAD RISK MANAGEMENT INC.,

                            Debtor.

Chapter 11

Case No.: 1-19-41489-ess

-----------------------------------------------------------------x

**NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM
ON OR BEFORE SEPTEMBER 26, 2019**

**TO:   ALL PERSONS AND ENTITIES
         WITH CLAIMS AGAINST ARMSTEAD RISK MANAGEMENT INC.**

The United States Bankruptcy Court for the Eastern District of New York has entered an Order establishing September 26, 2019, (the "Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim against Armstead Risk Management Inc. (the "Debtor").

The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose prior to March 14, 2019, (the "Filing Date"), the date on which the Debtor commenced a case under Chapter 11 of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

1. **WHO MUST FILE PROOF OF CLAIM**

You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to the Filing Date, and it is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Filing Date must be filed on or prior to

the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. **WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Bankruptcy Form No. 410 a copy of which is annexed to this Notice. Additional proof of claim forms may be obtained at www.uscourts.gov/forms/bankruptcy-forms/proof-claim.

The proof of claim form must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You must attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary).

Your proof of claim form shall not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

3. **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received on or before September 26, 2019, or September 26, 2019 with respect to governmental units.

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) shall file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts to the CM/ECF system shall file their proofs of claim by mailing or delivering the original proof of claim to the Court at the address provided below.

**United States Bankruptcy Court Eastern District of New York**
**Conrad B. Duberstein U.S. Bankruptcy Courthouse**
**271-C Cadman Plaza East, Suite 1595**
**Brooklyn, New York 11201-1800**

A proof of claim will be deemed timely filed only when received by the Bankruptcy Court on or before the Bar Date. A proof of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

Governmental units may have until September 26, 2019, the date that is 180 days after the order for relief, to file proofs of claim.

4. **WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on or before the Bar Date if you are:

(a) A person or entity that has already filed a proof of claim against the Debtor in this case with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(b) A person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtor (collectively, the "Schedules") [Docket Entry No. 1] if (i) the claim is **not** scheduled as "disputed," "contingent," or "unliquidated" **and** (ii) you agree with the amount, nature and priority of the claim as set forth in the Schedules;

(c) A holder of a claim that has already been allowed in this case by order of the Court;

(d) A holder of a claim for which a different deadline for filing a proof of claim in this case has already been fixed by this Court; or

(e) A holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate.

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time. But if you assert a claim against the Debtor, including a claim relating to your equity interest or the purchase or sale of that interest you must file a proof of claim on or prior to the Bar Date in accordance with the procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim, or that the Debtor or the Court believes that you have a claim against the Debtor.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before **August 8, 2019**, the date of entry of the Bar Order, you must file a proof of claim based on such rejection on or before the later of the Bar Date or the date that is 30 days after the date of the order authorizing such rejection. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

6. **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE BARRED FROM ASSERTING ITS CLAIM AGAINST THE DEBTOR AND HIS CHAPTER 11 ESTATE, VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CASE, AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM.

7. **THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules. If you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you do not need to file a proof of claim. Otherwise, you must file a proof of claim before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor's Schedules are available for inspection on the Court's Internet Website at http://www.nyeb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Debtor's Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Ste 1595, Brooklyn, N.Y. 11201-1800.

Copies of the Debtor's Schedules may also be obtained by written request to the Debtor's counsel at the address and telephone number set forth below.

9

**If you are unsure about any of these matters, including whether you should file a proof of claim, you may wish to consult an attorney.**

**COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION**

**FIRM NAME:** LAW OFFICE OF COURTNEY K. DAVY, LLP

**ADDRESS:** 305 BROADWAY, SUITE 1400, NEW YORK, NY 10007

**PHONE NUMBER:** (516) 850-1800