# RAVERT PLLC

Gary O. Ravert
Attorney-at-Law
gravert@ravertpllc.com
(646) 961-4770

**(Via ECF and Priority Mail)**

January 25, 2020

Hon. Elizabeth S. Stong
United States Bankruptcy Judge
United States Bankruptcy Court, Eastern District of New York
270 Cadman Plaza East
Brooklyn, New York 11201

**Re: In re Armstead Risk Management, Chapter 11 Case No. 19-41489 (ESS): Direct In-Person Solicitation of Debtor Representation By Karam Dahiya Following Confirmation Hearing**

Dear Judge Stong:

As your Honor is aware, my firm represents 461 Myrtle Avenue Funding LLC ("Myrtle Funding") in the above chapter 11 case. Immediately after the hearing at which the Court confirmed Myrtle Funding's plan (over Debtor's principal Malik Armstead's objection), your honor may have observed yesterday that Karam Dahiya, an attorney in this Court, followed Mr. Armstead into the hallway and proceeded to directly solicit representation of the Debtor *in this case directly in front of Debtor's counsel*. Mr. Armstead, as your Honor observed, was clearly distressed following the hearing and the outcome thereof and was likely receptive to any form of promises. This form of solicitation of representation is a violation of the New York Rules of Professional Conduct section 7.3. Moreover, and equally serious, such solicitation was based on the lie Dahiya told Armstead and Debtor's counsel that undersigned counsel had previously been sanctioned. It is not the first time Dahiya publicly maligned me by falsely claiming that I was sanctioned in order to obtain leverage in a case. The last time it happened, in August 2019, Judge Lord said she would sanction Dahiya if he did it again. Attached hereto as Exhibit A are the relevant pages of the transcript of the hearing where Judge Lord made those comments. Undersigned counsel intends to pursue that with Judge Lord. Myrtle Funding, and I suspect all other creditors, will vehemently oppose Mr. Dahiya coming into this case as replacement counsel at this time under and especially under these circumstances and where such representation was in violation of the ethical rules. This is particularly true where his involvement will—predictably— only cause extraordinary delay and expense to this estate.

It is clear that Mr. Armstead, who is a fiduciary in this case, is focusing *only* on how the case affects him and his equity interest and he is not focused on the best interest of creditors. Dahiya is clearly tapping into the distress Armstead was feeling following confirmation and Dahiya was undoubtedly filling Mr. Armstead's head with criticisms of Mr. Davy (an easy target in a case with very bad facts) and making promises of turning the whole case around even at this late stage. As was explained at confirmation, the debt in this case is now close to the entire value of the Debtor's property. That was only made worse by Mr. Armstead's failure to pay rent during the entirety of this case for the restaurant/bar he operates over the first floor of both buildings. Delay will quickly tilt this case to a point where only a chapter 7 liquidation will be possible and

there will be no return to any junior creditors.  Mr. Davy cannot invent facts or print money and those are the only things that could have changed the trajectory of this case because it is clear that Mr. Armstead is unwilling to consent to a sale.

At this time, Myrtle Funding is not seeking any relief.  It is simply bringing the forgoing important matters to your Honor's attention and the attention of all parties in interest.

I thank your Honor for your time and consideration on this matter.  Please feel free to contact the undersigned with any questions.

Respectfully,
/s/ Gary O. Ravert
Gary O. Ravert

CC:     Hon. Nancy Hershey Lord, United States Bankruptcy Judge
        Courtney Davy, Esq.
        Karam Dahiya, Esq.
        Office of the United States Trustee
        All Parties Receiving ECF Notice

# EXHIBIT A

1

2 UNITED STATES BANKRUPTCY COURT

3 EASTERN DISTRICT OF NEW YORK

4 - - - - - - - - - - - - - - - - - - - -x

5

6 In the Matter of:

7 MARLENE MARSHALLECK,                    Main Case No.

8          Debtor.                        1:17-bk-42418-nhl

9

10 - - - - - - - - - - - - - - - - - - - -x

11

12              United States Bankruptcy Court

13              271-C Cadman Plaza East

14              Brooklyn, New York

15

16              July 18, 2019

17              11:45 AM

18

19

20

21 B E F O R E:

22 HON. NANCY HERSHEY LORD

23 U.S. BANKRUPTCY JUDGE

24

25

1

2  [215] Motion for Costs/Attorney Fees Filed by Karamvir Dahiya

3  on behalf of Marlene Marshalleck.

4

5  Amended [218] Motion for Costs/Attorney Fees of the State

6  Attorney Edward King, Filed by Karamvir Dahiya on behalf of

7  Marlene Marshalleck.

8

9

10

11

12

13

14

15

16

17

18

19

20  Transcribed by:  Ann Brodsky

21  eScribers, LLC

22  352 Seventh Avenue, Suite #604

23  New York, NY 10001

24  (973)406-2250

25  operations@escribers.net

1

2   A P P E A R A N C E S:

3   DAHIYA LAW OFFICES, LLC

4           Attorneys for Debtor

5           75 Maiden Lane

6           Suite 506

7           New York, NY 10038

8

9   BY:   KARAMVIR DAHIYA, ESQ.

10

11

12  LAW OFFICES OF GREGORY M. MESSER, PLLC

13          Attorneys for Debtor

14          26 Court Street

15          Suite 2400

16          Brooklyn, NY 11596

17

18  BY:   GREGORY MESSER, ESQ.

19

20

21

22

23

24

25

1

2  EDWARD HAROLD KING

3          Attorney for Edward Harold King

4          338 Atlantic Avenue

5          Suite 204

6          Brooklyn, NY 11201

7

8  BY:    EDWARD HAROLD KING, ESQ.

9

10

11  UNITED STATES DEPARTMENT OF JUSTICE

12          Office of the United States Trustee

13          201 Varick Street

14          Suite 1006

15          New York, NY 10014

16

17  BY:    NAZAR KHODOROVSKY, ESQ.

18

19

20

21

22

23

24

25

1

2  RAVERT PLLC

3          Attorneys for 231 Bainbridge LLC

4          116 West 23rd Street

5          Fifth Floor

6          New York, NY 10011

7

8  BY:    GARY O. RAVERT, ESQ.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              P R O C E E D I N G S

2              THE CLERK:  Matters numbers 6 and 7.  Case number

3     17-42418, Marlene Marshalleck.

4              MR. KHODOROVSKY:  If Your Honor may permit, I need to

5     move to the other side given the posture of the case.

6              THE COURT:  Seriously?

7              MR. KHODOROVSKY:  Do you not see we need an

8     opportunity to confer, if need be, with (indiscernible).

9              THE COURT:  Okay.

10             MR. KHODOROVSKY:  I apologize.

11             THE COURT:  That's all right.  You gave me an

12    explanation.  A good explanation.  I understand that.

13             MR. KHODOROVSKY:  Thank you so much again, Your Honor.

14             THE COURT:  Appearances, please.

15             MR. DAHIYA:  Good morning, Your Honor; Karamir Dahiya

16    of the Dahiya Law Office, LLC.

17             MR. KING:  Edward Harold King, PLLC, by Edward Harold

18    King, 338 Atlantic Avenue, Brooklyn, New York 11201.

19             MR. MESSER:  Good morning, Your Honor.  Gregory Messer

20    for Marlene Marshalleck who's present with me today in court.

21             THE COURT:  Good morning Ms. Marshalleck.

22             MR. KHODOROVSKY:  Nazar Khodorovsky for the U.S.

23    Trustee.  Good morning again, Your Honor.

24             MR. RAVERT:  Good morning, Your Honor.  Gary Ravert on

25    behalf of 231 Bainbridge.  Your Honor, I'm sure you're

1  surprised to see me.  I don't really have much business here

2  today.  So if you don't mind, I'll explain why I'm here and

3  then maybe I can leave.

4         Your Honor, we don't have a standing, okay, to object

5  to anything.  We don't want -- necessarily want to be heard on

6  the motion.  As much as I know all the facts of this case have

7  been branded on my soul --

8         THE COURT:  You bore witness.

9         MR. RAVERT:  Yes.  Your Honor, Mr. Dahiya, five times,

10  has said that either I or my client was sanctioned.  It is

11  infuriating to read this.  Your Honor was crystal clear with

12  this.  He knows my client wasn't sanctioned.  I just can't bear

13  to read it anymore.  It's not fair.

14         THE COURT:  Yeah, so what was the date, July 27th?

15  July 25th.  Okay, it's an anniversary almost already.

16         My staff, just this morning, listened to the whole

17  thing or much of the July 25th transcript for a host of

18  reasons.  And that was one thing that was -- the Court

19  expressly said on the transcript that this is not sanctions.

20  This is not about sanctions.  This was about fees.  And I

21  determined what the value should be of that work and then said

22  that I didn't want to see it in a fee application.  If I

23  thought the value of that work was 30,000 dollars, I would have

24  charged your client 30,000 dollars.

25         I specifically said this in no way is a sanction.

1  This is only about fees.  So I don't know how you think -- I

2  don't --

3          MR. DAHIYA:  Could I be --

4          THE COURT:  Don't be heard.  You're only going to make

5  it worse.

6          It's very serious to make misrepresentations to the

7  Court.  Don't stand -- I'm going to prevent you from standing

8  up and making it worse for yourself.  But you can't make

9  misrepresentations to this Court or any court.  I guess how you

10  can fix this if you -- I guess you could order today's

11  transcript and order that one.  You probably have that one.

12          MR. RAVERT:  Your Honor, if he just stops repeating

13  it, I will be happy.

14          THE COURT:  Well, I guess I could, if he continues to

15  do it, sanction him for that.

16          MR. RAVERT:  It was an embarrassing enough day.  I

17  don't need it made worse.

18          THE COURT:  I understand.  But again, we listened to

19  it for a few reasons.

20          Do we know exactly the words I used?  What did I say?

21  I probably have notes that say the same thing.  Do you have the

22  transcript?

23          Okay.  At the 7/25 hearing I said, and I quote, "Okay,

24  just so we're clear, I awarded no sanctions in this case.  All

25  I awarded was costs; no sanctions.  Expenses, actually."

1  That's what I said.  So I'm not -- again, if I see it again or

2  you see it again, you can bring an order to show cause for

3  sanctions.

4          MR. RAVERT:  That's fine, Your Honor.

5          THE COURT:  But --

6          MR. RAVERT:  I would just ask to be excused.  I'm

7  right next door before Judge Stong.  I'm here if the Court

8  needs me for anything.  But I'm here only on that purpose.

9          THE COURT:  Okay.  I was going to say do you want to

10  make any statement even though you may or may not have

11  standing?

12          MR. RAVERT:  I don't.  I think, Your Honor --

13          THE COURT:  Okay.

14          MR. RAVERT:  -- nobody knows the case better than

15  three people:  you, Ms. Marshalleck, and me.  And then,

16  obviously, Mr. Dahiya.  So I --

17          THE COURT:  Okay.

18          MR. RAVERT:  -- don't have really that much to add.

19          THE COURT:  That's fine.

20          MR. RAVERT:  But I am next door.

21          THE COURT:  If we need you, we'll send somebody to

22  grab you.

23          MR. RAVERT:  Okay.  Thank you, Your Honor.

24          THE COURT:  You're excused.

25          Okay.  Let's put to rest something on the King