**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>ARMSTEAD RISK MANAGEMENT, INC.,<br><br>*Debtor*. | )<br>)<br>) Chapter 11<br>)<br>) Case No. 19-41489 (ESS)<br>)<br>)<br>)<br>)<br>) |

## ORDER CONFIRMING SECOND AMENDED
## PLAN OF LIQUIDATION FILED BY 461 MYRTLE AVENUE FUNDING LLC

Upon a hearing to consider confirmation of the Plan filed by 461 Myrtle Avenue Funding LLC (" Funding" or "Plan Proponent") on August 5, 2019 [Docket No. 34], as amended in the Amended Plan filed by Plan Proponent on October 1, 2019 [Docket No. 51], as amended solely to include secured creditor CC 86th Street LLC in a Second Amended Plan (the "Plan") [Docket No. 57] filed on December 30, 2019 and the Notice of Amendment to Plan and Deadline to Vote or Change Vote [Docket No. 58]; and the certificates of services evidencing service of all versions of the Plan, the Disclosure Statement approval order, and the Notice of Amendment having been filed at Docket Nos. 38, 54, 56, 59 and 60; and the Bankruptcy Court[1] having reviewed the Plan and all exhibits thereto; and the Bankruptcy Court having held such hearing on January 24, 2020 (the "Confirmation Hearing") to consider confirmation of the Plan; the Bankruptcy Court having taken judicial notice of the papers and pleadings on the Bankruptcy Court's docket in the bankruptcy case of the above-captioned debtor Armstead Risk Management, Inc. (the "Debtor"); and no objections to confirmation having been filed; and the Bankruptcy Court finding that: (a) notice of the Confirmation Hearing was adequate and

---

[1] Capitalized terms used herein but not defined herein shall have the meaning ascribed to them in the Plan.

appropriate; (b) the Plan meets all requirements for confirmation including the applicable requirements of 11 U.S.C. §1129 and (c) the Plan Proponent having established just cause for the relief granted herein;

**THE BANKRUPTCY COURT HEREBY FINDS AND DETERMINES**[2] that:

    A.  Armstead Risk Management (defined above as the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 14, 2019 (the "<u>Petition Date</u>").

    B.  This Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (L) and (O).

    C.  As of the Petition Date, the Debtor's principal assets were in Brooklyn, New York. Accordingly, venue in the Eastern District of New York was proper as of the Petition Date and continues to be proper under 28 U.S.C. §§ 1408 and 1409.

    D.  The Debtor is an entity eligible for relief under section 109 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

**A.**    <u>**Confirmation of Plan**</u>

    1.    The Plan is hereby confirmed pursuant to section 1129 and 1141 of the Bankruptcy Code.

---

[2] This Confirmation Order constitutes the Bankruptcy Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Rule 9014 and 7052. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.

The Plan Proponent and the Plan Administrator shall have the authority, and is hereby directed, to carry out the terms of the Plan as set forth therein.

2. The Proponent shall be the disbursing agent under the Plan responsible for making distributions under the Plan, and shall file a disbursement report with the Bankruptcy Court upon making such distributions. The Plan Administrator shall file, within 45 days after the date of this Order, a status report detailing the actions taken by the Debtor and/or the Plan Administrator and the progress made toward the consummation of the Plan. The Plan Administrator shall file status reports with the Court every January 15th, April 15th, July 15th, and October 15th until a final decree has been entered closing the Debtor's chapter 11 case.

3. The Plan Proponent and any designee, its respective equity holders, directors, officers, employees, attorneys, financial advisors, investment bankers and other professionals have acted in good faith in connection with the Plan, this Chapter 11 Case, and the formulation and consummation of the Plan, and accordingly, has satisfied section 1125(e) of the Bankruptcy Code.

4. As set forth herein and in the Plan, the classification scheme of Claims and Equity Interests in the Plan is reasonable and complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code.  Class 1, in which there are no creditors, is hereby struck from the Plan. Claims and Equity Interests in each particular Class are substantially similar to other Claims or Equity Interests contained in such Class.

5. In accordance with section 1142 of the Bankruptcy Code, the Plan Administrator is hereby authorized to enter into, execute, deliver, file and/or implement any documents and instruments substantially consistent with or incidental to the Plan, and to take such other steps and perform such other acts as may be necessary or appropriate to implement and effectuate the

Plan and this Confirmation Order without the need of any further order of the Bankruptcy Court or authorization of the Debtor.  On the Effective Date, the Debtor's representative shall make available for pick up (i) all keys to the real property located at 459 – 461 Myrtle Avenue, Brooklyn, New York 11205 [Block 1889, Lots 89 and 90] (the "Property") and (ii) the copies of the Debtor's corporate and financial books and records[3] (to the extent they exist) to the extent reasonably requested by the Plan Administrator for the purposes of carrying out the terms of the Plan.  The Debtor's representatives shall cooperate with the reasonable requests of the Plan Administrator to deliver to the Plan Administrator, to enter into, execute, deliver, file and/or implement any documents, instruments, or estate property substantially consistent with or incidental to the Plan, and to take such other steps and perform such other acts as may be necessary or appropriate to implement and effectuate the Plan and this Confirmation Order without the need of any further order of the Bankruptcy Court.  The Debtor shall cooperate with any broker, auctioneer, and/or real estate professional to permit reasonable access to the Property for marketing purposes.

6. The Plan shall bind all Holders of Claims and Equity Interests, whether or not such Holders voted to accept or reject the Plan.

7. Pursuant to section 1146(a) of the Bankruptcy Code and applicable State law, the issuance, transfer, or exchange of a security, or the making or delivery of an instrument necessary or appropriate to effectuate a sale of the Property under the Plan shall not be taxed under any law imposing a stamp tax, real estate transfer, documentary, registration, sales, added-value, mortgage release, mortgage recording or other similar tax.

---

[3] The Debtor may retain the originals of the books and records if it so chooses.

8.	The Debtor shall be responsible to pay all fees owed to the U.S. Trustee under 28 U.S.C. §1930, together with any applicable interest thereon, until a final decree is entered in this case or until the case is converted or dismissed, whichever happens earlier. All fees payable pursuant to 28 U.S.C. § 1930, together with any interest thereon pursuant to 31 U.S.C. §3717, to the extent not previously paid by the Debtor, shall be paid by the Plan Administrator from the operating income, if any, of the estate pending the Closing on the Sale of the Property and, upon the Closing, from the Sales Proceeds, cash available in any estate accounts, and, if applicable, Avoidance Action and/or Cause of Action recoveries.

9.	Except as otherwise expressly provided in the Plan, or any other Order of this Court, all persons or entities who have held, hold or may hold Claims against or Interests in the Debtor, along with their respective present and former employees, agents, officers, directors, principals and affiliates, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against the Proponent and/or the Debtor's assets and/or properties with respect to such Claim or Interest (other than actions brought to enforce any rights or obligations under the Plan):

    a) commencing or continuing in any manner any action or other proceeding of any kind,

    b) enforcing, attaching, collecting or recovering by any manner or means, whether directly or indirectly, of any judgment, award, decree or order,

    c) creating, perfecting, or enforcing, in any manner, directly or indirectly, any encumbrance of any kind,

    d) asserting any right of setoff, subrogation or recoupment of any kind, or

    e) pursuing any Claim released pursuant to the Plan.

10. Except as otherwise provided in the Plan, such injunction shall extend to any successors of the Proponent, the Debtor, and their respective properties and interests in properties. Additionally, upon the entry of this Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present and former employees, agents, officers, directors, principals and affiliates are hereby enjoined (from taking any actions other than by or in connection with an appeal of this Confirmation Order) to interfere with the implementation or consummation of the Plan. Unless otherwise provided in the Plan, this Confirmation Order, or a separate order of the Court, all injunctions or stays arising under or entered during the Chapter 11 cases under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the date of this Confirmation Order shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay; provided, however, that on the Effective Date, the stay shall be replaced to the extent provided in this Confirmation Order, with an injunction set forth in the Plan and/or Sections 524 and 1141 of the Bankruptcy Code.

11.    The Bankruptcy Court retains jurisdiction over the Debtor, the Plan Administrator, and the Plan to the fullest extent as permitted by applicable law in order to, without limitation, resolve disputes over the implementation or interpretation of this Confirmation Order.

**B.    <u>Administrative Claims/Professional Fee Claims/Section 503 Claims</u>**

12.    The Debtor's counsel and any person or entity alleging an administrative claim (claims arising after the Petition Date), other than the Office of the United States Trustee, shall file such claim with the Bankruptcy Court, or in the case of Debtor's counsel an application for allowance of professional fees, no later than 30 days after the Effective Date so that adequate

reserves may be established at Closing (the "Administrative Claim Deadline").  The Plan Proponent shall file serve on all parties in interest a notice of occurrence of Effective Date promptly upon the occurrence of the Effective Date.  Any fees and/or claims not sought by Administrative Claim Deadline shall be deemed waived and disallowed.  Within three (3) business days after the Effective Date, the Plan Proponent shall file with the Bankruptcy Court and serve on the Debtor, Debtor's counsel, the Office of the United States Trustee, and all parties in interest, an application, if any, asserted by Myrtle Funding for fees and/or expenses pursuant to section 503(b) of the Bankruptcy Code and shall include in such application an estimate of fees through Closing.  Any such fees and expenses not sought by that date shall be deemed waived and disallowed.

**C.**     **Binding Effect**

13.     In accordance with section 1141 of the Bankruptcy Code, the provisions of the Plan shall be binding upon the Debtor, any official or unofficial committee (if any), any Person acquiring or receiving property under the Plan, any party to a contract or agreement with any Debtor, any lessor or lessee of property to or from the Debtor and any holder of a Claim against or an Equity Interest in the Debtor, whether or not such Claim or Equity Interest is Impaired under the Plan and whether or not such holder has filed a proof of Claim or Equity Interest or has accepted the Plan or is entitled to a Distribution. In accordance with section 1141(d)(3) of the Bankruptcy Code, this Confirmation Order shall not be deemed to discharge any of the Debtors' debts.

**D.      Effectiveness of All Actions**

14.     Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan shall be effective on or after the Confirmation Date pursuant to the Confirmation Order, without further application to, or order of the Bankruptcy Court.

**E.      Approval of Consents**

15.     This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

**F.      Effect of Conflict Between the Plan and Confirmation Order**

16.     If there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

**G.      Final Confirmation Order**

17.     This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof pursuant to Bankruptcy Rule 3020(e).

**H.      General Provisions**

18.     The Plan is incorporated in full herein.  Failure specifically to include or refer to any particular sections or provisions of the Plan or any related agreement in the Confirmation Order shall not diminish or impair the effectiveness of such sections or provisions, it being the intent of the Bankruptcy Court that the Plan be confirmed and such related agreements be approved in their entirety.

19. The provisions of this Confirmation Order are non-severable and mutually dependent.

20. Notwithstanding anything to the contrary herein, in the Plan or otherwise, the Plan Administrator shall file objections, if any, to claims or interests by no later than three (3) business days prior to the Closing (the "<u>Claim Objection Deadline</u>") and the Plan Administrator shall file and serve no less than ten (10) days prior to the scheduled Closing a notice of Closing on all parties in interest. Any claims or interests not objected to by the Claim Objection Deadline shall be deemed Allowed for all purposes under the Plan.

21. The Debtor shall, within ten days from the entry of this Confirmation Order, simultaneously file and provide to the Office of the United States Trustee operating reports for any months for which operating reports have not been filed as of the date hereof.

22. The Plan Administrator shall file with the Bankruptcy Court, on no less than a quarterly basis, a report on the status of the implementation of the Plan and shall serve same on all parties in interest. Further, the Plan Administrator shall file with the Bankruptcy Court, on no less than a quarterly basis, reports of the post-confirmation estate's income and disbursements, within 15 days after the conclusion of each such period until the entry of the Final Decree closing this Chapter 11 case.

23. The Plan Administrator shall, within fourteen (14) days of the final distribution under the Plan, seek a final decree and to Close this chapter 11 case in accordance with Rule 3022.

**Dated: Brooklyn, New York**
**January 30, 2020**

*/s/ Elizabeth S. Stong*
**Elizabeth S. Stong**
**United States Bankruptcy Judge**